Hillsborough Probate Court, ⎱ No. 4060.
      Nov. 6, 1951. ⎰

IN RE MARGARET A. HARRINGTON ESTATE.

*Murchie & Cofran,* for legatees Rufus F. Bond and Noyes F. Bond.

*Floyd Thorp* for legatees Charlotte G. Black, Laban W. Bond and Lillian Morey.

The administrator with will annexed, the guardian *ad litem* and the remaining legatees filed no brief.

KENISON, J. "The authority of the probate court under Laws 1947, chapter 90, is limited to the certification of questions of law upon which the court desires instructions for the proper decision of matters duly before it in proceedings coming within its statutory jurisdiction." *In re Gay Estate,* 97 N. H. 102. All of these requisites are present in this case. The "settlement and final distribution of estates of deceased persons" (R. L., c. 346, s. 3) is an essential and integral part of its statutory jurisdiction. See *In re York Estate,* 95 N. H. 435, 436. One of the matters duly before this probate court was the proper decision to be made in the distribution of the personal estate bequeathed. *In re Rose Estate,* 95 N. H. 208. "The personal estate bequeathed by a testator shall be distributed by decree of the judge according to the will." R. L., c. 360, s. 7. Since the probate judge could not allow a final account or approve a petition for a decree of distribution without first construing the will

involved in this proceeding (*Amoskeag Trust Co.* v. *Haskell*, 96 N. H. 89), it logically follows that the question of law certified by him sufficiently indicated that he desired instructions for the proper decision of matters duly before him. *In re Mooney Estate*, decided this day. See *Duncan* v. *Bigelow*, 96 N. H. 216, 219.

The phrase "to the representatives of those not living . . . in equal shares" in the sixth clause of the will was not a crystal clear expression of the mode of distribution by which the representatives were to take under the will as many will cases have demonstrated. Anno. 13 A. L. R. (2d) 1023. Although the phrase was "not expressed with verbal precision" (*Brown* v. *Philbrick*, 79 N. H. 69), a reasonable construction of it is not difficult when considered with the will as a whole. *Roberts* v. *Tamworth*, 96 N. H. 223, 227. The principal objects of the testatrix' bounty were her two children and her granddaughter. The granddaughter was a young girl at the time the will was executed and the testatrix "must have realized" that she might "outlive" all of her children and brothers and sisters—"which she has done." *Romprey* v. *Brothers*, 95 N. H. 258, 261. Here, as in the cited case, the testatrix "knew that final distribution might be in the distant future and that [she] could not foresee who the legal heirs might be." At this point in the sixth clause of the will she was disposing of her property "when all the people in whom the [testatrix] is primarily interested are out of the picture. . . ." Casner, Construction of Gifts to "Heirs" and the Like. 53 Harv. L. Rev. 207, 249.

"In the ordinary use of language distribution by right of representation, or, as it is more technically called, per stirpes, is opposed to distribution in equal shares among persons, or per capita. Some way of reconciling these expressions must be discovered, or one of them must be rejected and given no effect. The latter course is never adopted except as a last resort. . . In this case we think it easy to reconcile them. In our opinion, the words 'in equal shares by right of representation' mean per stirpes, with equality among the stirpes." *Bradlee* v. *Converse*, 318 Mass. 117, 119. Similar language has been construed in like manner in several wills in this state. *Merrill* v. *Curtis*, 69 N. H. 206; *Brown* v. *Philbrick*, 79 N. H. 69; *Conant* v. *Curtiss*, 93 N. H. 398. See *Faulkner* v. *Faulkner*, 93 N. H. 451.

Since Almeda Goyscan predeceased the testatrix without heirs in the descending line, her interest lapsed by virtue of R. L., c. 350, s. 12; *Roberts* v. *Tamworth*, 96 N. H. 223. Consequently the resi-

due which passes under the sixth clause should be divided into five parts which is as many parts as there were brothers and sisters of the testatrix. *Merrill* v. *Curtis, supra*. The representatives of each of the deceased brothers and sisters will take one of such parts and share it per stirpes. Such a distribution gives full effect to all the language of the sixth clause of the will and is consistent with the equality of treatment which appears throughout the whole will which bequeathed property first to children, then to grandchildren and finally to collateral relatives.

*Case discharged.*

JOHNSTON, C. J., dissented: the others concurred.

JOHNSTON, C. J., *dissenting:* I am of the opinion that a probate court has no jurisdiction to entertain a petition for advice and instructions for the reasons stated in the opinion *In re Gay Estate*, 97 N. H. 102.