THURSTON v THURSTON

Docket No. 77171. Submitted November 10, 1984, at Lansing.—Decided January 3, 1985. *Leave to appeal applied for.*

Lida Thurston executed a will on December 14, 1944, which left a life estate in a parcel of property to her son Albert R. Thurston, with a contingent remainder to his children and, if he had no children, then to his three brothers, Clarence, Herman and Amos Thurston. Lida Thurston died on August 31, 1950. Albert Thurston was married on May 14, 1948, and on May 21, 1954, adopted his wife's son by a previous marriage, defendant, Charles G. Thurston, also known as Charles G. Roy or Buddy Roy. Albert Thurston died in 1981. The defendant now claims the contingent remainder of Albert Thurston's life estate as provided for in Lida Thurston's will. Plaintiffs, Clarence Thurston, Herman Thurston, and the children of Amos Thurston, deceased, contend that Lida Thurston never intended that the parcel pass to an adopted grandchild and, therefore, the property should pass to them. Plaintiffs brought an action in the Midland Circuit Court seeking an order quieting title to the property in the plaintiffs. Both plaintiffs and the defendant filed motions for summary judgment. The trial court, Tyrone Gillespie, J., granted a summary judgment in favor of the defendant, ruling that MCL 700.128; MSA 27.5128 removed all ambiguity from the will since it provided a rule of construction that the term "children" included adopted as well as natural children absent a contrary intent by the testator. Plaintiffs appeal from the order granting the summary judgment. *Held:*

1. The remainder interest was not vested until Albert Thurston's death in 1981. The rule of construction in the statute must be applied to this case if an ambiguity exists because the

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 16A Am Jur 2d, Constitutional Law §§ 669, 675.
   73 Am Jur 2d, Statutes §§ 347, 354.
   80 Am Jur 2d, Wills § 1367.
[2] 80 Am Jur 2d, Wills §§ 1128, 1132.
[3, 4] 80 Am Jur 2d, Wills §§ 1281, 1282.
[4] 30 Am Jur 2d, Evidence § 1165.

interest had not vested prior to June 23, 1966. Interests vested prior to June 23, 1966, are not affected by the statute.

2. There is a latent ambiguity in Lida Thurston's will because the language employed is clear and suggests but a single meaning, but some extrinsic fact, *i.e.,* defendant's adoption, creates the possibility of more than one meaning. The trial court correctly determined that the existence of this ambiguity required application of the presumption established by the statute.

3. The statute creates a rebuttable presumption which can only be rebutted in three instances: (1) by the language of the instrument itself; (2) by extrinsic evidence of abuse of the adoption procedure for the primary purpose of obtaining benefits under the will; and (3) by evidence that the interest vested prior to June 23, 1966. None of the exceptions to the statute apply in this case.

Affirmed.

1. WILLS — JUDICIAL CONSTRUCTION — VESTING OF INTERESTS.

     A statute regarding construction of terms of a will or trust agreement provides that interests vested prior to June 23, 1966, are not affected by the statute; in order for an interest to be vested a person must have either an immediate right of enjoyment or an indefeasible right of future enjoyment (MCL 700.128; MSA 27.5128).

2. WILLS — JUDICIAL CONSTRUCTION — AMBIGUITIES.

     A statute regarding construction of terms of a will or trust agreement does not abridge the rights of a testator; nothing in the statute changes or frustrates a testator's clearly expressed intent; the statute applies where there is an ambiguity in the will or trust agreement (MCL 700.128; MSA 27.5128).

3. WILLS — JUDICIAL CONSTRUCTION — AMBIGUITIES.

     There are two types of ambiguities in wills, patent and latent; a latent ambiguity exists where the language employed is clear and suggests but a single meaning, but some extrinsic fact creates the possibility of more than one meaning.

4. WILLS — JUDICIAL CONSTRUCTION — REBUTTABLE PRESUMPTIONS.

     A statute regarding construction of terms of a will or trust agreement creates a rebuttable presumption which can only be rebutted in three instances: (1) by the language of the instrument itself; (2) by extrinsic evidence of abuse of the adoption procedure for the primary purpose of obtaining benefits under the will or trust; and (3) by evidence that the interest vested prior to June 23, 1966 (MCL 700.128; MSA 27.5128).

*Patterson, Gruber & Kennedy* (by *Brian M. Kennedy*), for plaintiffs.

*Riecker, George, Hartley, Van Dam & Camp, P.C.* (by *Barry B. George*), for defendant.

Before: J. H. GILLIS, P.J., and CYNAR and C. L. BOSMAN,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order of summary judgment in favor of defendant entered pursuant to GCR 1963, 117.2(3). The judgment gave defendant a parcel of land which passed under the will of Lida Thurston.

Defendant is the adopted son of Albert Raymond Thurston, deceased, one of Lida Thurston's four children. Plaintiffs are Lida Thurston's surviving sons and the children of another deceased son, Amos William Thurston.

On December 14, 1944, Lida Thurston executed a valid will which left a life estate in a parcel of property in Larkin Township, Midland County, Michigan, to her son Albert Raymond Thurston, with a contingent remainder to his children and, if he had no children, then to his three brothers, Clarence, Herman and Amos. Albert Thurston married Reva Retha Roy on May 14, 1948. Reva Roy's son from a previous marriage, Charles, is the defendant. Albert Thurston adopted defendant on May 21, 1954.

Lida Thurston died on August 31, 1950. Her will was unaltered from the time that it was executed in 1944 until her death in 1950. The defendant now claims the contingent remainder of Albert Thurston's life estate as provided for in Lida Thurston's will. Plaintiffs contend that Lida Thurston never intended that the parcel pass to an adopted

---

* Circuit judge, sitting on the Court of Appeals by assignment.

grandchild and, therefore, the property should pass to them.

The trial court granted summary judgment to the defendant ruling that MCL 700.128; MSA 27.5128 removed all ambiguity from the will since it provided a rule of construction that the term "children" included adopted as well as natural children absent a contrary intent by the testator.

In adopting the statutory presumption contained in MCL 700.128; MSA 27.5128 the Legislature provided that interests vested prior to June 23, 1966, were not affected by the statute. The statute states that in order for an interest to be vested a person must have either an immediate right of enjoyment or an indefeasible right of future enjoyment. MCL 700.128; MSA 27.5128. The remainder interest here did not vest until the death of Albert Thurston because the interest could have been defeated by the birth of other children during his life. *In re Wallin Estate,* 88 Mich App 775, 780; 279 NW2d 310 (1979). The interest was not vested until Albert Thurston's death in 1981, therefore, the rule of construction in the statute must be applied to this case if an ambiguity exits because the interest had not vested prior to June 23, 1966.

The statute in question provides a rule of construction. No rights of the testator are abridged by the statute. There is nothing in the statute which changes or frustrates a testator's clearly expressed intent. *Wallin, supra,* p 780.

The statute must be applied if there is an ambiguity in the will. There are two types of ambiguities, patent and latent. This case presents a latent ambiguity because the language employed is clear and suggests but a single meaning, but some extrinsic fact, *i.e.,* defendant's adoption, creates the possibility of more than one meaning. *In re Kremlick Estate,* 417 Mich 237, 240; 331 NW2d 228

(1983), *reh den* 417 Mich 1143 (1983). The existence of this ambiguity requires application of the presumption established by MCL 700.128; MSA 27.5128. The statute states:

"In the construction of a trust agreement or will, whether executed on, before, or after June 23, 1966, the term 'child', 'grandchild', 'issue', 'heir', 'descendant', 'beneficiary' or other equivalent term shall be construed to include any adopted person and his descendants whether natural or adopted unless a contrary intention appears by the terms of the instrument or unless the estate devised to the 'child', 'grandchild', 'issue', 'heir', 'descendant', 'beneficiary' or equivalent person vested before June 23, 1966, in an already ascertained person or persons who have an immediate indefeasible right of enjoyment or a present indefeasible fixed right of future enjoyment in the estate."

The statute creates a rebuttable presumption. *In re Nowels Estate,* 128 Mich App 174; 339 NW2d 861 (1983). In *Nowels* the Court was faced with an adoption of a 42-year-old male by a life estate holder. It was alleged that the adoption was meant to frustrate the intent of the testator. This Court held the presumption created by the statute to be rebuttable when a 42-year-old adult with three children is the adoptee. This Court ruled in that case that the presumption was subject to rebuttal by extrinsic evidence.

Based on the plain meaning of the statute and the decision in *Nowels, supra,* we hold that the presumption in the statute can only be rebutted in three instances: (1) by the language in the instrument itself, MCL 700.128; MSA 27.5128; (2) by extrinsic evidence of abuse of the adoption procedure for the primary purpose of obtaining benefits under the will, *Nowels, supra;* and (3) by evidence that the interest vested prior to June 23, 1966, MCL 700.128; MSA 27.5128.

A contrary interpretation of the statute, allowing introduction of all extrinsic evidence once an ambiguity is established, would place the trial courts in the same position as they were at common law; namely, the courts would be forced to admit all extrinsic evidence in a case and then be required to speculate as to the testator's intent based upon the memory, truthfulness and bias of the testifying witnesses. Such an interpretation would render the statute ineffective since the same amount of uncertainty and excessive litigation would exist.

On the other hand, by construing the statute as creating a presumption which can only be rebutted in three limited circumstances, the statute achieves its intended purpose of creating certainty and efficiency. In effect, the statute places the burden on the drafters of instruments to expressly exclude adopted children on the face of the instrument or be barred from claiming that the intent was different than what was expressed in writing. This interpretation achieves the legislative goal of treating adopted and natural children alike.

None of the rebuttal exceptions to the statute applies in this case. The instrument does not exclude adopted children. The adoptee, defendant, was not an adult adoptee within the exception in *Nowels.* Finally, the interest had not vested prior to June 23, 1966.

The trial court was correct in its conclusion that the intent of the testator was not clear on the face of the will and that the statutory presumption applied. Extrinsic evidence beyond the four corners of the document was not admissible and there was no genuine issue of material fact. Summary judgment was proper.

Affirmed.