## *In re* NORWOOD ESTATE

Docket No. 106835. Submitted February 16, 1989, at Grand Rapids. Decided April 19, 1989.

Robert F. Norwood died testate leaving a wife and four children by a previous marriage. The will bequeathed $6,000 to each of his children to be paid from the proceeds of his life insurance policy. The beneficiary of the policy was his wife and the decedent did not make any attempt to change the beneficiary prior to his death. The children petitioned the Barry County Probate Court to declare that the will contained an ambiguity and for a determination of pretermitted heirs. The court, Richard H. Shaw, J., denied the petitions. Petitioners moved for a new trial within twenty-one days but the motion was not served within that time. The court dismissed the motion. The children appealed.

The Court of Appeals *held:*

1. The court properly dismissed the motion for a new trial but the petitioners' appeal was timely since the court rules only require that the motion be filed within twenty-one days for purposes of taking an appeal as of right.

2. The intent of the testator was clear on the face of the will and the court properly found no ambiguity.

3. The testator's children were not pretermitted heirs.

Affirmed.

1. WILLS — JUDICIAL CONSTRUCTION.

The role of the probate court in will cases is to ascertain and give effect to the intent of the testator; where there is no ambiguity the testator's intention is to be derived from the language of the will.

2. APPEAL — PROBATE COURTS.

Findings of a probate court sitting without a jury are to be

REFERENCES

Am Jur 2d, Appeal and Error § 140; Wills §§ 632 *et seq.*, 901, 1140 *et seq.*

See the Index to Annotations under Decedents' Estates; Pretermitted Heirs.

reversed by the Court of Appeals only where they are clearly erroneous.

3. WILLS — JUDICIAL CONSTRUCTION — PATENT AMBIGUITY — LATENT AMBIGUITY.

Michigan cases have considered two types of ambiguity in the construction of wills; a patent ambiguity exists if an uncertainty as to meaning appears on the face of the instrument and arises from the use of defective, obscure, or insensible language; a latent ambiguity arises where the language used is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates the possibility of more than one meaning.

4. WILLS — PRETERMITTED HEIR STATUTE.

The pretermitted heir statute typically is applied in situations where an heir is omitted from the will (MCL 700.127; MSA 27.5127).

*David H. Tripp,* for petitioners.

*UAW-GM Legal Services Plan* (by *William D. Evenson*), for respondent.

Before: HOOD, P.J., and WAHLS and NEFF, JJ.

PER CURIAM. Petitioners, the children of the deceased, appeal as of right from the findings of the Barry County Probate Court. The children filed petitions with the probate court alleging that the deceased's will was ambiguous and asking for a determination of pretermitted heirs. Both petitions were denied. We affirm.

This case arises from the probate of Robert F. Norwood's will. Norwood was survived by his wife and four children of a prior marriage. Norwood's will purported to leave his real and personal property to his wife and a specific bequest of $6,000 to each of his four children to be paid out of the proceeds of a life insurance policy. The named beneficiary of the policy, however, was the deceased's wife. Therefore, the proceeds never came

within the control of the estate and the children did not receive the bequest specified.

Initially, we address respondent's argument concerning the timeliness of petitioners' motion for new trial. Under MCR 2.611(B), the motion for new trial must be filed and served within twenty-one days after entry of judgment. The motion was filed on September 29, 1987—the twenty-first day —but it was not served until October 1. We therefore agree that the trial court was correct in dismissing the motion because it was not timely filed and served as required. We note, however, that the time limit for an appeal of right to this Court only requires that the motion for a new trial be filed within the initial twenty-one day appeal period. MCR 7.204(A)(1)(b). Therefore, the lack of timely service does not affect this Court's jurisdiction.

Petitioners first contend that the probate court erred in finding there was no ambiguity in the will. The role of the probate court is to ascertain and give effect to the intent of the testator as derived from the language of the will. *In re Burruss Estate,* 152 Mich App 660, 663; 394 NW2d 466 (1986). Where there is no ambiguity, the court has merely to interpret and enforce the language employed. *In re Kremlick Estate,* 417 Mich 237, 241; 331 NW2d 228 (1983). Findings of the probate court sitting without a jury will be reversed only when clearly erroneous. *Burruss, supra,* pp 663-664.

The deceased's will consisted of four numbered paragraphs. Petitioners claim a patent ambiguity in the second paragraph and a latent ambiguity in the third paragraph.

A patent ambiguity exists if an uncertainty as to meaning appears on the face of the will and arises from the use of defective, obscure or insensible

language. *Burruss, supra,* p 666. A latent ambiguity exists where the language and its meaning is clear but where some extrinsic fact creates the possibility of more than one meaning. *Id.* An example would be where there is a clearly stated bequest to a beneficiary but extrinsic facts indicate that two individuals answer to the beneficiary's name. See *Kremlick, supra.*

The testamentary paragraphs in question read:

### SECOND

I give, devise and bequeath all of my real estate, wheresoever situate, which I may own or of which I may have the power to dispose of at the time of my death; household goods; furnishings; personal effects; the 1985 Cadillac; 1974 Roadster; and the totality of my life insurance through my employer, excepting that amount which is set forth in the next paragraph, which shall be bequested in favor of my natural children, to my wife, ALINE NORWOOD, as her sole Estate.

### THIRD

I give, devise and bequeath, from my life insurance through my employer, to each of my natural children, ROBERT NORWOOD, RICKY NORWOOD, CINDI HATHAWAY and JILL GRUDZINSKI, the sum of Six Thousand ($6,000.00) Dollars per child. The balance of said life insurance through my employer, in the approximate sum of Eleven Thousand ($11,000.00) Dollars, I give, devise and bequeath unto my wife, ALINE NORWOOD.

We find no patent ambiguity in the above language. The second and third paragraphs when read together make it clear that the deceased intended to leave his real and personal estate to his wife and leave each of his children $6,000 to be funded specifically from a life insurance policy.

As evidence of latent ambiguity, petitioners argue that, since the testator failed to change the

beneficiary of the policy to the estate, the third paragraph makes no sense since the assets described never became part of the estate. What petitioners describe here, however, is not some extrinsic uncertainty, see *Kremlick,* but the testator's failure to act to bring the asset within the control of the will.

The will clearly treats the insurance proceeds separately from the rest of the estate. It does not provide that the money is to be paid even if the insurance proceeds were not available. Where a specific bequest cannot be paid because, as here, the designated source fails, that bequest fails and will not be paid out of general assets. See *Morrow v Detroit Trust Co,* 330 Mich 635, 644-645; 48 NW2d 136 (1951). This Court will not create a clause to compensate for the testator's oversight. Nor will we create an alternate bequest to be paid out of the general assets where the testator clearly failed to indicate that intent. See *In re Allen Estate,* 150 Mich App 413, 418; 388 NW2d 705 (1986).

The intent of the testator is clear on the face of the will. We agree with the trial court that no ambiguity exists.

Nor does the fact that petitioners did not receive anything under the will mean they were disinherited and should take as pretermitted heirs. The pretermitted heir statute would come into effect if the testator failed to provide for his children in the will. MCL 700.127; MSA 27.5127. The statute typically is applied in situations where an heir is omitted from the will. *In re Potts' Estate,* 304 Mich 47; 7 NW2d 217 (1942). In this case, the testator did not omit his children from the will nor did he fail to make provision for them. Unfortunately, he did fail to take the appropriate steps to bring the designated funds into his estate. How-

ever, the failure to fund the bequest does not make this a case of pretermitted heirs.

The findings of the trial court that there was no ambiguity in the will and that the pretermitted heir statute is not applicable are not clearly erroneous.

Affirmed.