*In re* WOODWORTH TRUST

Docket Nos. 124987, 125045. Submitted June 17, 1992, at Detroit.
Decided October 19, 1992, at 9:25 A.M. Leave to appeal sought.

Michigan National Bank, trustee of a trust established by Bessie
Woodworth, petitioned the Wayne Probate Court, Thomas A.
Maher, J., for clarification regarding how the corpus should be
distributed upon termination of the trust. The trust provided
that, upon termination, the remaining principal and income
was to be distributed in equal shares to the beneficiaries of the
trust living at the time, by right of representation. The court
found the distribution provision to be ambiguous and ordered
the distribution to be per capita rather than per stirpes. John
W. Stebbins, a beneficiary of the trust, appealed, and Sara A.
Reynolds, conservator for two other beneficiaries of the trust,
and others appealed. The appeals were consolidated.

The Court of Appeals *held:*

The trust is not ambiguous and clearly calls for equal distri-
bution per stirpes.

Reversed and remanded.

*Robert H. Janover* and *Warner & Stockpole* (by
*Ronald F. Kehoe),* for John W. Stebbins.

*Rosen & Lovell, P.C.* (by *Joan Lovell)* and *Mark
Granzotto,* for Bethany Dill, conservator for Na-
than D. Dill, a minor.

*Carol E. Lipsitt* and *Bendure & Thomas* (by
*Marc E. Thomas),* for Carol E. Lipsitt, Guardian
Ad Litem for Heather A. Stubbins, a minor.

*John M. Chase, Jr.,* for John M. Chase, Jr.,
Guardian Ad Litem for interested persons not
otherwise represented.

*Joslyn, Keydel, Wallace & Carney* (by *Donald F.*

*Carney, Jr.),* for Sara A. Reynolds, Conservator for Jennifer S. Stebbins, Margaret B. Stebbins, and John A. Stebbins, II.

Before: Jansen, P.J., and Michael J. Kelly and Corrigan, JJ.

Michael J. Kelly, J. John Woodworth Stebbins; Sara A. Reynolds, as conservator for Jennifer Stebbins; the Guaranty Bank and Trust Company, as conservator for Margaret Stebbins; and John A. Stebbins, II, appeal as of right from a December 21, 1989, order of the Wayne Probate Court directing that the distribution of funds by the Bessie Woodworth trust be per capita. We reverse.

We agree with appellants that the trial court erred in finding that the distribution of the funds of the Bessie Woodworth trust should be per capita. The following is the distribution language of the trust at issue in this matter:

> Upon termination of the Trust, the then Trustee shall distribute the remaining principal and income of the Trust in equal shares to the beneficiaries of the Trust living at that time, by right of representation.

The probate court found the language to be ambiguous and ordered distribution per capita among the beneficiaries.

The role of the probate court is to ascertain and give effect to the intent of the testator as derived from the language of the will. *In re Norwood Estate,* 178 Mich App 345, 347; 443 NW2d 798 (1989); *In re Burruss Estate,* 152 Mich App 660, 663; 394 NW2d 466 (1986). Where there is no ambiguity, that intention is to be gleaned from the four corners of the instrument. *In re Butterfield Estate,* 405 Mich 702, 711; 275 NW2d 262 (1979). A

patent ambiguity exists if an uncertainty concerning the meaning appears on the face of the instrument and arises from the use of defective, obscure, or insensible language. *Norwood, supra* at 347-348. A latent ambiguity exists where the language and its meaning is clear, but some extrinsic fact creates the possibility of more than one meaning. *Id.* at 348. The applicable standard is that findings of the probate court sitting without a jury will be reversed only where clearly erroneous. *Id.* at 347.

After reviewing the relevant trust language, we hold that the probate court erred in determining that the distribution language of the trust was ambiguous. We find no ambiguity in this case. The distribution language employed suggests but a single meaning, that distribution per stirpes was intended. It is clear to us that the phrase "in equal shares to the beneficiaries of the Trust living at that time, by right of representation" calls for distribution per stirpes with equality among the stirpes. Although unable to locate a Michigan case directly on point, our conclusion is bolstered by the decisions of various jurisdictions indicating the phrase "in equal shares by right of representation" calls for distribution per stirpes with equality among the stirpes. *Kelly v Mercantile-Safe Deposit & Trust Co,* 262 Md 626, 630; 278 A2d 584 (1971); *In re Herrington Estate,* 97 NH 184, 186; 84 A2d 173 (1951); *Bradlee v Converse,* 318 Mass 117, 119; 60 NE2d 345 (1945); *In re Pistor,* 53 NJ Super 139; 146 A2d 685 (1958), aff'd 30 NJ 589 (1959).

Reversed and remanded for proceedings consistent with this opinion.