*In re* McPEAK ESTATE

THOMSON v McPEAK

Docket No. 164281. Submitted March 23, 1995, at Lansing. Decided April 28, 1995, at 10:05 A.M. Leave to appeal sought.

William H. Thomson, as personal representative of the estate of Michael D. McPeak, petitioned the Midland County Probate Court for a determination whether Emily McPeak is entitled to an inheritance under the decedent's will. Emily McPeak, the daughter of the decedent's wife, JoAnn McPeak, had been adopted by the decedent after he executed his will. In his will, the decedent bequeathed half of the residuary estate to his wife and the other half to his children and descendants. The will expressly identified Kristine McPeak and Kerry McPeak as the decedent's children. The will provided for a contingent bequest to Emily McPeak of one-third of the residuary estate in the event that JoAnn McPeak died before the decedent. The court, Donna T. Morris, J., granted summary disposition for Kristine and Kerry McPeak, ruling that Emily McPeak was not an heir under the decedent's will or a pretermitted heir under MCL 700.127; MSA 27.5127. JoAnn McPeak, as conservator for Emily McPeak, appealed.

The Court of Appeals *held:*

1. The language of the will clearly indicates that the decedent did not intend to include Emily McPeak among his children or descendants.

2. MCL 700.127; MSA 27.5127, which provides in part that if a child is adopted after the making of a parent's will and a provision for the child is not made in the will, the child shall have the same share in the estate of the testator as if the parent died intestate, does not apply to Emily McPeak because the decedent, in the contingent bequest to Emily McPeak, had made a provision for her in his will.

Affirmed.

REFERENCES

Am Jur 2d, Wills §§ 642-656.

Adopted child as subject to protection of statute regarding rights of children pertermitted by will, or statute preventing disinheritance of child. 43 ALR4th 947.

Wills — Adoptees — Pretermitted Heirs.
  An adopted child who is named in a preadoption will in a
  different capacity does not qualify as a pretermitted heir under
  MCL 700.127; MSA 27.5127.

*Chaklos, Jungerheld & Hahn* (by *Robert A. Hahn*), for William H. Thomson.

*Douglas W. Taylor,* for Kristine S. McPeak and Kerry L. McPeak.

*Braun Kendrick Finkbeiner* (by *Carolyn Pollock Cary*), for JoAnn McPeak.

Before: Murphy, P.J., and Michael J. Kelly and Saad, JJ.

Per Curiam. Respondent JoAnn McPeak appeals as of right an order of the probate court granting summary disposition to respondents Kristine and Kerry McPeak, the natural daughters of decedent Michael McPeak. The probate court determined that Emily McPeak, decedent's adopted daughter, could not take under decedent's will. We affirm.

Decedent executed his will on May 8, 1991, shortly after being diagnosed with brain cancer and shortly before undergoing brain surgery. At that time, he was married to respondent JoAnn McPeak[1] and was considering adoption of Emily McPeak, respondent's daughter from a previous marriage and decedent's stepdaughter. Decedent filed for adoption on May 31, 1991, which was formally completed in July 1991. He died in April 1992.

In this action to determine Emily's status under the will and her interest in decedent's estate,

[1] Throughout this opinion, "respondent" will be used to refer solely to JoAnn McPeak.

Kristine and Kerry McPeak, decedent's natural daughters from a previous marriage, moved for summary disposition, arguing that Emily was excluded under the plain language of the will and that she did not qualify as a pretermitted heir under the Probate Code.

The will contained the following provision: "*My Children/My Descendants.* . . . All references to 'my descendants' are to Kristine and Kerry and the descendants of Kristine and Kerry." The will bequeathed one-half of the residuary estate to respondent, in the event she survived decedent, and the balance to "my descendants." In a contingent bequest, the will provided for a bequest of one-third of the residuary estate to Emily in the event that respondent did not survive decedent.[2]

Respondent first argues that the trial court erred in not finding a latent ambiguity in the will regarding whether decedent intended to include adopted children in referring to "my children" or "my descendants." The role of the probate court is to ascertain and give effect to the intent of the testator as derived from the language of the will. *In re Woodworth Trust,* 196 Mich App 326, 327; 492 NW2d 818 (1992). Absent an ambiguity, the court is to glean the testator's intent from the four corners of the testamentary instrument. *Id.* An ambiguity may be patent or latent. *Id.* at 327-328. A latent ambiguity may be proved by facts extrinsic to the testamentary instrument. See *id.* at 328.

Relying on *Thurston v Thurston,* 140 Mich App 150, 153; 363 NW2d 298 (1985), respondent argues that decedent's postexecution adoption of Emily

─────────────────

[2] Decedent drafted a codicil to his will after his adoption of Emily. The codicil acknowledged the adoption but provided that the provisions of the will, including the references to "my descendants," remained the same. However, decedent never signed the codicil. The parties dispute what inferences may be drawn from this. In any event, the codicil is immaterial to our holding in this case.

creates a latent ambiguity regarding the definition of "children" or "my descendants" in the will. We disagree. Although *Thurston* also involved a postexecution adoption, the similarities end there. In *Thurston,* the adoption was not by the testator, but rather by a devisee under her will, and there was no indication that the testator was even aware of the adoptee at the time of execution. Here, it is undisputed that Emily was living with decedent and that decedent was contemplating adoption at the time he executed his will. Under these circumstances, there can be no ambiguity concerning whether decedent meant to exclude prospective adoptees when he sought to define "children" and "my descendants."

. Even if a latent ambiguity existed, the statutory presumption that adoptees are included in the term "children" would apply. See MCL 700.128; MSA 27.5128. This presumption may be rebutted in three ways: (1) by the language in the instrument itself; (2) by extrinsic evidence of abuse of the adoption procedure for the primary purpose of obtaining benefits under the will; and (3) by evidence that the interest vested before June 23, 1966. *Thurston, supra* at 154. Only the first is a possibility here. However, under the language of decedent's will, it is clear that Emily was not intended to be included in the term "children" or "my descendants." She was provided for in a separate, contingent devise.

Respondent also argues that Emily is entitled to a forced share of decedent's estate as a pretermitted heir under MCL 700.127; MSA 27.5127. Specifically at issue is whether an adopted child who is named in a preadoption will in a different capacity qualifies as a pretermitted heir. This is apparently an issue of first impression in Michigan. Other jurisdictions are split regarding the issue. See

anno: *Adopted children as subject to protection of statute regarding rights of children pretermitted by will, or statute preventing disinheritance of child,* 43 ALR4th 947, 952.

We find most persuasive *Davis v Davis,* 278 Md 534; 365 A2d 1004 (1976), in which the Maryland Court of Appeals declined to recognize the adopted child as a pretermitted heir. There, much like here, the will provided that the testator's stepson was to receive a contingent devise in the event his mother failed to survive the testator. *Id.* at 536. The testator was contemplating adoption at the time of execution. *Id.* at 540. The testamentary plan was a thoughtful and careful one. *Id.* at 541. Under these circumstances, we do not believe that the child can be deemed overlooked or ignored either as a stepchild or as a prospective adoptee. It is unlikely that the subsequent adoption would have altered the testator's intent, especially where, as here, the testator was already contemplating adoption of his spouse's child at the time of execution and therefore had the opportunity to devise a greater portion of his estate to the child in the event that the contemplated adoption occurred.

Our holding comports with the plain language of the pretermitted heir statute, which provides in pertinent part:

> If a child is born or adopted after the making of his parent's will and a provision for the child is not made in the will, that child shall have the same share in the estate of the testator as if the parent died intestate. [MCL 700.127(1); MSA 27.5127(1).]

The statute makes no distinction between a devise made to a child as a prospective adoptee and a devise made to a child as a stepchild or in a

different status. Rather, the statute simply requires a failure by the testator to provide for his child. Here, decedent did provide for Emily in a contingent devise. The fact that the contingency did not occur and that Emily therefore took nothing under the will does not mean that decedent failed to make a provision for her under the pretermitted heir statute. Cf. *In re Norwood Estate,* 178 Mich App 345, 349; 443 NW2d 798 (1989). See also *In re Estate of Eversole,* 885 P2d 657 (Okla, 1994). The contingent provision clearly evidenced an intent to take care of Emily through her mother's share, directly or indirectly. Because Emily was provided for in decedent's will, she does not qualify as a pretermitted heir.

Affirmed.